[No. 3808.]

## DIRECTORS OF THE YELLOW JACKET IRRIGATION DISTRICT ET ALS. v. WESSELS.

1. PARTIES—*Who Are—Complaint Construed.* A complaint naming as defendants "The Board of Directors" of a certain irrigation district, not as such, but individually, and such directors, and the other officers of the district, individually, does not implead the district. Only the individuals named are defendants.

2. JUDGMENT—*Upon Whom Conclusive.* A judgment in mandamus requiring the officers of an irrigation district to issue certain warrants does not conclude the district. The district may contest the validity of the warrants, notwithstanding such judgment.

3. APPEAL—*Where an Appeal Lies—Money Judgment.* A judgment in mandamus against the directors and officers of an irrigation district, individually, requiring them to deliver to the petitioners certain warrants already issued, and to sign and deliver other warrants for sums already passed upon, and to consider and act upon certain other claims, is not a money judgment and no appeal lies therefrom under the Code. (Rev. Code 1908, sec. 422.)

*Appeal from Routt District Court.* HON. JOHN W. SHUMATE, Judge.

Messrs. MORRISON & DeSOTO, Mr. J. K. BOZARD and Mr. W. B. McCLELLAND, for appellants.

Mr. ARTHUR L. WESSELS, Mr. JOSEPH C. HELM and Messrs. KELLEY & HAINES, for appellee.

CUNNINGHAM, J.

This is an action in mandamus, commenced by Alden V. E. Wessels, plaintiff below, against the above named appellants. On petition filed by appellee, supported by affidavit, an alternative writ issued, which writ, in due time, after certain proceedings not necessary to recite had been had, was made mandatory. By the terms of the final writ, the respondents were ordered to deliver to the petitioner $4,160 in warrants already issued, and they were further "Required to issue, sign and deliver to petitioner warrants for $3640 already passed upon, and to take action ⬛⬛⬛ the payment of $200 and also the $1000 damag⬛⬛⬛der said contract."

The contract referred to in the above quotation, and which was set forth in the original petition, pertains to work which petitioner was to perform, and material he was to furnish for the Irrigation District, and his compensation therefor.

Following the order or decree of the district court as above recited, respondents attempted to perfect an appeal to the supreme court. Apparently upon the theory that the respondents, the irrigation district, is a municipal corporation, and that defendants are public officials, defending in their official capacities for the benefit of the public, no appeal bond was required of appellants, and none was given.

Appellee has filed a motion to dismiss the appeal, and it is this motion that we are now called upon to consider and dispose of.

In his motion to dismiss the appeal; appellee states three grounds:      ,

1. That the judgment appealed from was not final.

2. That the appellants have no right to prosecute the appeal without bond.

3. That the judgment is not one which can be appealed from under Section 422 of the code (R. S.), that is, that it is not a judgment that amounts to the sum of five hundred dollars, exclusive of costs.

The view which the majority of the court entertains as to the last ground of the motion, makes it unnecessary to consider the first two grounds, and we express no views as to the soundness of either of them.

The warrants which appellants were ordered to deliver, amounted, at face value, to $7810. On the theory that a judgment was involved exceeding $5000, appellants have heretofore made application, under section 6 of the act creating this court, to have the cause remanded to the supreme court, from whence it came by transfer to this court. After exhaustive arguments, a majority of the court reached the conclusion that the judgment or order appealed from was not for money at all, and accordingly denied the motion to remand. Counsel for appellants appear, at one time, to have entertained the same view held by a majority of this court. When the application for an appeal was made, the trial judge first announced that he would require a bond in the sum of $15,600, substantially twice the amount of the face of the warrants in-

volved, "and thereupon respondents objected to the giving of a bond, and the amount thereof, *as only a question of costs was involved*"—so reads the record.

A commitment, if the judgment was final and regular, could have issued, but an execution for money could never have properly followed the judgment rendered. Certainly the property of the district could not have been seized on execution based on the judgment, and the district itself was not bound by the judgment. It would seem clear that the judgment rendered in this case cannot preclude the district from defending against the warrants, should they be issued and delivered pursuant to the mandate of the trial court, providing the district should ever see fit to question its liability thereon. Thus far the district has manifested no interest in the controversy, but has permitted its officers to defend themselves as best they may in an action to which it has been conceded by counsel for appellants, it, the district, is not a party. Again: the respondents were not sued *as* the Board of Directors. At least the adverb is not used in the caption, or in the body of the petition. We think that the appellants are defending in their individual capacity, and if they are so defending, then the judgment is clearly not a money judgment in any sense of the word. That the defendants are defending in their individual capacity, and are liable for costs, finds support in the following cases: *United States v. Boutell,* 17 Mass. 604; *United States v. Schurz,* 102 U. S. 378.

Our conclusion that the motion to dismiss the appeal should be granted, is supported by the case of *Brady v. People,* 45 Colo 364.

In attempting to distinguish the Brady case. from the case at bar, counsel for appellants in their brief on the motion to dismiss the appeal, say:

"The requirement in that case (the Brady case) was that one corporation, the county, should levy a tax for the benefit of other corporations, school districts, for the purpose of maintaining public schools. No judgment or other liability is found against the county commissioners, and no indebtedness was found against any person, and no benefit whatever in the shape of money or property was awarded or commanded to be delivered to anyone."

But this does not seem to be the basis of the opinion rendered in the Brady case. Mr. Justice Gabbert, speaking for the court in the Brady case, uses this language:

"Sec. 38 of the Civil Code, therefore, designates when this appeal was taken, in what instances an appeal will lie to the supreme court. By this section it is provided that appeals to the supreme court from the district and county courts shall be allowed, where the judgment or decree appealed from is final, and shall amount, exclusive of costs, to the sum of $100 (the amount which formerly governed appeals), or relates to a franchise or freehold. In the case at bar there is no money judgment. Consequently, this court is without jurisdiction to entertain the appeal."

The motion to dismiss the appeal will be granted, and the appeal is dismissed, without prejudice.

Walling, J., and King, J., dissent.